JOSEPH HAYES, impleaded, &c. plaintiff in error, v. ALBERT G. Caldwell et al., defendants in error.

*Error to Gallatin.*

An appeal or writ of error does not lie from an interlocutory judgment or decree, but there must be a final decision of the case before either party can have it reviewed in the Supreme Court; such a decision as settles the rights of the parties respecting the subject matter of the suit, and which concludes them until it is reversed or set aside.

A defendant in a bill of discovery may claim his privilege, and decline answering such allegations of the bill as may have a tendency to subject himself to a criminal prosecution.

BILL OF DISCOVERY in aid of a suit at law, in the Gallatin Circuit Court, filed by the defendants in error against the plaintiff in error and others. The cause came on to be heard before the Hon. William A. Denning, at the October term, 1847, on the demurrer of the present plaintiff in error, when the same was overruled. There was no final judgment in the Circuit Court.

*A. G. Caldwell,* for the defendants in error, moved to dismiss the writ of error for the following reasons:

1. The writ is sued out upon an interlocutory decree of the Gallatin Circuit Court against one of the parties therein;

2. There was no final decree by the Circuit Court in said cause; and

3. The proceeding was otherwise irregular.

In support of the motion, he cited the following authorities: *Pentecost* v. *Magahee,* 4 Scam. 326; *Cornelius* v. *Coons,* Bre. 15; *Dunham* v. *Braiman,* 1 Root, 551; *Carpenter* v. *Childs,* Ib. 181; *Ray* v. *Fitch,* 290; *Drowne* v. *Stimpson,* 2 Mass. 445; *McLaren* v. *Allen,* Minor, 117; *Harris* v. *Kreps,* Ib. 184.

*W. B. Scates,* for the plaintiff in error, resisted the motion, contending that Hayes was not bound to answer, because it might tend to criminate himself.

A witness is not bound to answer questions which might subject him to punishment. 3 Black. Com. top p. 287, note 31; 4 T. R. 440; 8 East, 77; 1 Salk. 153; 4 Esp. 225, 242; 4 State Tr. 6; 6 do. 649; 16 Vesey, 242; 2 Lord Raym. 1088; Mitford's Pl. 157, 159; 1 Strange, 444; 3 Taunt. 424.

As to mere disgracing a witness, see Starkie's Ev. part II, 139. Yet he is competent to disgrace himself. 2 Starkie, 116; 8 East, 78; 11 do. 309; and may impeach his own solemn acts. 5 M. & S. 244; 7 T. R. 604.

A *particeps criminis* may be examined. Cowper, 197.

A defendant to a bill of discovery is not only protected from answering the broad and leading fact, but any fact, the answer to which may furnish a step in a prosecution, if any person should choose to indict him. 1 Maddock's Ch. 214; 2 do. 320, 321; see, also, 14 Vesey, 65, 59; 8 do. 408; 2 do. 243, 246.

Where two have equal claims to protection, the Court will not interpose. 2 Maddock's Ch. 321; Mitford's Pl. 222, 3d Ed.; nor can he be made to answer what is a matter of scandal. 3 Vesey, 370; 1 Maddock's Ch. 214; 2 do. 492; nor what may lead to a legal accusation, or may subject him

to a penalty, and not merely what must; or in the nature of a penalty, or forfeiture. 1 Mad. Ch. 214; 1 Bro. C. C. 98; 11 Vesey, 525; 8 do. 405; 1 Atk. 529, 539; 2 Vesey, 389 245, 109.

A demurrer to a bill for the discovery of several distinct matters, against several distinct defendants, would hold. 1 Mad. Ch. 215; Mitf. Pl. 163.

Demurrer sustainable for immateriality. 1 Mad. Ch. 198 Mitf. Pl. 155–6, 3d Ed.; see 1 Bro. C. C. 96, said to be the first instance of a demurrer for immateriality. See 2 Atk. 387, 394; 2 Vesey, Jr., 396; 1 Anstr. 82; 2 Bro. C. C. 154; Finch, 36, 44; Mitf. Pl. 151.

*Caldwell,* in reply, contended that after a demurrer is overruled, the party is compelled to answer.

The Opinion of the Court was delivered by

TREAT, C. J. Caldwell and Ryan brought a suit at Law against Hayes, Guard and Siddall, and also exhibited a bill in Chancery for the discovery of facts to aid in the prosecution of the action. Hayes filed a demurrer to the bill, which the Court overruled. He then sued out a writ of error, which the defendants in error now move to dismiss. An appeal or writ of error does not lie from an interlocutory judgment or decree, but there must be a final decision of the case before either party can have it reviewed in this Court; such a decision as settles the rights of the parties respecting the subject matter of the suit, and which concludes them until it is reversed or set aside. *Pentecost v. Magahee,* 4 Scam. 326. The present case is not within this principle. The order of the Court on the demurrer was not a final disposition of the case. The rights of the parties were not thereby ascertained and determined. The case is still pending for the further action of the Circuit Court. The defendants have still to plead to or answer the allegations of the bill, and the Court has yet to decide upon the sufficiency of the plea or answer. Not until these sub-

sequent proceedings are had, and the suit is at an end, can the case if ever, be removed into this Court for revision.

It was insisted on the argument, that the effect of dismissing the writ of error will be to compel the defendant, Hayes, to make discovery as to all of the allegations of the bill, although he may, by so doing, subject himself to prosecution for a criminal offence. No such result can follow. He can insist upon his rights in this respect, as well in his answer as by demurrer. He can answer the allegations that have no such tendency, and as to those, the response to which may tend to criminate him, he may claim his privilege and decline to answer; and the Court, if satisfied that he cannot safely make the discovery, will certainly protect him in refusing to do it.

The writ of error is dismissed with costs.

*Writ dismissed.*