RICHARD G. GUNN

*v.*

GERALD THOMAS DONOGHUE.

*Filed at Ottawa November 26, 1890.*

1. APPEALS—*only from final orders, etc.* An appeal or writ of error lies only to review final orders, judgments and decrees. There must be a final disposition of the cause before an appeal or writ of error will lie.

2. SAME—*what constitutes a final order— of an order changing the form of action.* After a hearing of the evidence on a bill to remove a cloud on title, the court, on motion of the complainant, made an order granting leave to change the form of action to ejectment, and transferring the cause to the common law docket : *Held*, that such order was merely interlocutory, and no writ of error would lie to review the same.

WRIT OF ERROR to the Circuit Court of Cook county ; the Hon. O. H. HORTON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Mr. ERNEST DALE OWEN, and Mr. SETH F. CREWS, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Gerald Thomas Donoghue, by his next friend, Edward Donoghue, against Richard G. Gunn, to remove a cloud from the title of certain lots in the town of Jefferson, in Cook county: The defendant put in an answer to the bill, to which a replication was filed. Several amendments were, by leave of the court, made to the bill, but in the view we take of the record it will not be necessary to consider them here.

It appears from a certificate of evidence incorporated into the record, that after the issue had been formed a hearing was had on the pleadings and evidence, and the cause was taken under advisement. After the cause was taken under advisement, and on the 28th day of April, 1890, the court entered in the cause the following order: "On motion, leave hereby is granted the complainant to change the form of action to ejectment, and file declaration within thirty days from date, and this cause hereby is transferred to the law docket." The defendant in the bill excepted to the order, and prayed an appeal, which was denied. Thereupon the defendant prepared a certificate of evidence, which was signed by the court, and sued out this writ of error to reverse the order of the court allowing the form of action to be changed from a bill to remove a cloud, to an action of ejectment.

Section 67 of the Practice act, (chap. 110,) provides that appeals from and writs of error to all circuit courts may be taken from all final orders, judgments and decrees. Was the order complained of a final judgment, within the meaning of the statute? If not, the writ of error was premature, and will have to be dismissed.

In *Thompson* v. *Follansbee*, 55 Ill. 428, in discussing this question, it is said: "It is a well settled rule, that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause can not be reviewed as to one party at one time, and as to another party at another time." (See, also, *Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co.* 70 Ill. 250, and *Hunter* v. *Hunter*, 100 id. 520.) Here, the cause was not disposed of. No judgment or decree settling the rights of the parties was entered in the cause. Whether the one or the other should succeed in the action has not been determined. The cause is still pending in court for trial and final disposition. The judgment or order complained of was interlocutory, only. It was an order, made during the progress of the cause, which in no manner settled the rights of the parties, and one which can not be reviewed by writ of error until the cause is finally heard and determined by a judgment which will terminate the litigation between the parties in the circuit court. Should the court entertain jurisdiction to review this order, an order overruling a motion for a continuance, an order allowing or refusing an amendment of a declaration or plea, or any other order or judgment rendered during the progress of the cause, would, upon the same principle, be subject to be brought up and passed upon before the case in which such orders might be entered should be disposed of. A practice of that character would lead to useless litigation, and result in no practical benefit to any one, and it should not be encouraged. When the cause is finally disposed of, and a final judgment entered, then a writ of error will lie, and the entire record can be brought before the court, and once for all all questions raised and determined during the progress of the cause can be disposed of.

The writ of error will be dismissed.

*Writ of error dismissed.*