CHARLES E. PAIN, Assignee,

*v.*

WILLIAM C. KINNEY *et al.*

*Opinion filed October 24, 1898.*

1. JUDGMENTS AND DECREES—*order dismissing bill as to part of the defendants is not final.* An order of court dismissing a bill as to part of the defendants is not final, and the complainant cannot appeal until there has been a final disposition of the case as to the others.

2. The court reviews the facts in this case, and holds that they do not bring the case within the exception to the above rule, which permits an appeal to be entertained, though the order appealed from is not final, where a refusal to entertain the same would result in great hardship or a denial of justice.

*Pain* v. *Kinney,* 73 Ill. App. 115, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

PARKER & PAIN, for appellant.

KNIGHT & BROWN, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court dismissing an appeal to that court from an order of the circuit court of Cook county in a chancery cause for specific performance. The appeal was dismissed by the Appellate Court on the ground that the order or decree appealed from was not a final decree, and that is the only question involved in the appeal to this court.

Appellee Julianna Chambers was the owner in fee of certain lots which had been leased to one Brady for ninety-nine years. Brady and one Skinner had contracted with the Farson & Libbey Company to furnish millwork

and materials, which, though not specified in the contract, were to be and were used in constructing a building on the said lots.   After furnishing a portion of the materials Skinner made an assignment for the benefit of his creditors, and the Farson & Libbey Company refused to furnish any more.   Thereupon a written agreement was entered into, which also included the work of the other contractors, whereby the company was to furnish the balance of the material and receive promissory notes for the amount of $3000, to be secured by a deed of trust on the lots, including the fee simple title thereto in Julianna Chambers.   The deed of trust was to be recorded and the notes placed in *escrow* before the company should deliver the material.   It does not appear that Julianna Chambers signed this contract, but it seems she undertook to comply with it so far as she was to perform it.   She, with appellee Patrick Chambers, her husband, and Brady, executed the deed of trust to secure the notes, which notes were given by Brady.   These notes were payable at the office of William C. Kinney, who was the trustee in the deed of trust, and were delivered to him in *escrow*, as provided by the contract, and the deed of trust was duly filed for record.   The bill charged that the company performed the contract on its part, but that Kinney, acting with the consent and advice of Julianna Chambers, refused to deliver to it the notes, and the prayer is for specific performance—that Julianna Chambers and Kinney be required to deliver said notes.

Answers and replications were filed and the cause was referred to the master.   He reported the evidence and his conclusions to the court, recommending a decree as prayed in the bill.   All of the appellees excepted to the report, and the court made the following order:   "This cause coming on to be heard upon the exceptions of the defendants, Julianna Chambers, Patrick Chambers and William C. Kinney, to the report of the master, and to his rulings upon the motion of said defendants to exclude the

testimony of the complainant and to dismiss the bill of complaint filed in said cause for want of equity, which said motion was duly filed by said defendants with the master in chancery to whom said cause was heretofore referred, after argument of counsel and upon due deliberation by the court the report of the master overruling said motion is hereby set aside, and the court finds that the said master should have sustained the said motion as to the defendants Julianna Chambers and Patrick Chambers and should have overruled the said motion as to the said defendant William C. Kinney, and the court does hereby sustain said exceptions and motion as to the said defendants Julianna Chambers and Patrick Chambers, and overrule the said exceptions and motion as to the said defendant William C. Kinney." The court further ordered that the cause be re-referred to the master to take testimony on behalf of Kinney, and report the same with his conclusions. The appellant appealed to the Appellate Court, as before stated.

The decree appealed from was not a final decree, and the appeal was rightly dismissed. In *Thompson* v. *Follansbee*, 55 Ill. 427, this court said: "If the bill is dismissed as to one or more parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause cannot ·be reviewed as to one party at one time and as to another party at another time." (*Bucklen* v. *City of Chicago*, 166 Ill. 451; *Dreyer* v. *Goldy*, 171 id. 434.) Appellant concedes the rule, but insists that this case comes within exceptions to it which have been established,—that is, that such appeals will be entertained in cases where to deny them would result in a denial of justice or in great hardship. (*Crouch* v. *First Nat. Bank*, 156 Ill. 342.) We are unable to see how any hardship would result to appellant from the dismissal of his appeal by the Appellate Court. It seems that Julianna Chambers complied with the contract, executed the deed of trust, and it was recorded. The notes

were executed by Brady, and not by her, and were delivered in *escrow* to Kinney, as agreed. The case is retained as to him, and if it should appear later that for any reason it should be retained as to the other appellees, the order dismissing them may be brought up with the final decree.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*