### Lucas Brodhead v. John H. Minges et al.

99   435
a198s 513

1. APPEALS—*Do Not Lie from Interlocutory Orders in Chancery Proceedings.*—An appeal does not lie from a decree in a chancery proceeding which is not final.

2. DECREE—*What is a Final Decree.*—A decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that when affirmed by a reviewing court, the trial court has nothing to do but to execute the decree already entered.

Bill of Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court

at the March term, 1901. Appeal dismissed. Opinion filed January 16. 1902.

This suit was brought by appellant to obtain a foreclosure of two trust deeds, in the nature of mortgages upon property in Cook county.

The first trust deed was dated August 17, 1882, and was originally given by William A. Herting, since deceased, to secure the payment of two notes, one for $2,500, due in eighteen months, and the other for $13,000, due in five years, the aggregate amount secured being $15,500. The first note, for $2,500, was paid at or about its maturity, and is not involved in this litigation. The second note, for $13,000, with accrued interest, is due and unpaid, and sought to be foreclosed by this suit.

The second trust deed was dated September 26, 1888, and was originally given upon the same property by Julia H. Herting, who was the widow of William H. Herting, and is now deceased, to secure five notes, aggregating $10,000, the first note being for $1,000, the second, third and fourth notes being for $2,000 each, and the fifth note for $3,000, due five years after its date. All of these notes secured by said second trust deed, except the last for $3,000, have been paid and are not involved in this litigation.

The bill of complaint is in the usual form for the purpose of foreclosing the two trust deeds above mentioned. It described the deeds and the notes, and alleged that the note for $13,000, secured by the first trust deed, and a note for $3,000, secured by the second trust deed, with interest, were due and unpaid, and prayed that the property covered by said trust deeds might be sold to satisfy the indebtedness secured. The appellant claimed to be the owner of both of the notes and trust deeds.

John H. Minges, Jacob G. Minges and Barbara Minges, some of the heirs at law of Julia H. Herting, deceased, answered the bill, averring that one Charles K. Miller owned the notes and trust deeds in question prior to the time that the appellant became the owner thereof, and that, while such owner, he agreed with John H. Minges, one of

the defendants, that if he would institute a burnt record proceeding to cure certain supposed defects of title in the premises covered by said trust deed, and would use reasonable diligence to press said proceedings to a conclusion, that he, the said Miller, would not sell said incumbrances, or foreclose the same, and would not ask the payment of any interest upon said incumbrances, except in case he should need small sums of money, until such proceedings should be concluded. Said defendants claimed that, by reason of such agreement, said Miller, and his assignee, the complainant in said bill, the appellant here, were precluded from filing said bill, or attempting to foreclose the said trust deeds.

Afterward John H., Jacob G. and Barbara Minges filed an amended or supplemental answer. In this answer these defendants claimed that Charles K. Miller, being the owner of the first trust deed herein mentioned, made a loan secured by the second trust deed, for the nominal sum of $10,000; that the sum paid on account of the second loan by Miller was, however, only $9,000, because he had retained $1,000 for his commissions. This answer further sets up that the interest named by the second trust deed and the notes therein described was eight per centum per annum, and that the sum of $1,000, which was retained by Miller as his commissions, amounted to usury, and that the defendants were entitled to an accounting in regard to said commission of $1,000 and the excessive interest, and that all interest paid on said second incumbrance should be applied upon the principal.

There appears to have been no amendment to the bill of complaint after the filing of these answers, but replications thereto were filed.

The cause was referred to a master in chancery. The master reported, finding the material allegations of the bill of complaint to be true, and recommending a decree of foreclosure.

One objection to the master's report was filed by the complainant. Twenty-seven objections were filed to the

report by the defendants. These objections were over-ruled by the master.

Exceptions like to the objections were filed before the court. The court sustained certain of the exceptions to the master's report, found that there was $26,174.92 due upon the promissory notes on April 27, 1900, and, in effect, that the averments of the answer are true as to usury and as to the agreement to forbear the payment of the debt until a certain burnt record proceeding might be prosecuted with due speed to a final termination; and that the bill of complaint herein was prematurely filed.

The decree or order is in part as follows :

It is therefore ordered, adjudged and decreed that the amount due from said heirs, etc., to the owners of the notes secured by the trust deed from William A. Herting and wife to Nathaniel M. Jones, trustee, was $26,174.92 on April 27, 1900; that the indebtedness on the notes executed by Julia H. Herting, November 26, 1888, for the then principal sum of $10,000, and all interest thereon, and all interest on the notes evidencing the same, be and the same are hereby declared paid and satisfied in full, and that the trust deed securing said last notes running to Miles Almy, trustee, dated November 26, 1888, be and the same is hereby vacated, annulled and removed as a cloud upon said premises, and that the exceptions above found without merit or disapproved be and the same are overruled, and the exceptions approved are sustained, and the findings of the master above approved are thereby sustained; and further, that the cause be retained in court for a reasonable time, pursuant to the above findings.

From this decree or order the appellant seeks to prosecute this appeal.

N. M. JONES and WM. ANNAN TAYLOR, attorneys for appellant.

W. H. WILKINS and LOUIS ZIMMERMAN, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The first, and, as we view it, controlling question in this appeal is raised by a motion of appellees to dismiss the appeal upon the ground that the decree or order is interlocutory only, and not final. We are of opinion that the contention is sound, and that the appeal must be dismissed.

The findings of the court that as to the note secured by the second trust deed no relief could be granted appellant because the debt had been paid by payments of usurious interest, and the further finding that as to the other note secured by the first trust deed, the suit was prematurely brought, were such findings as might naturally have been followed by an order dismissing appellant's bill for want of equity. Such an order would have been final and appealable. But no such order was entered. On the contrary, the cause is retained upon the bill of complaint for the purpose evidently of awaiting termination of the period of forbearance, and then determining whether appellant will be entitled to relief. We have no occasion to review the propriety of thus retaining the cause, for the very fact that it is retained and is not disposed of by final decree precludes us from review. If the order is interlocutory only, the appeal will not lie. Coates v. Cunningham, 80 Ill. 467. We are of opinion that it is interlocutory. Hayes v. Caldwell, 10 Ill. 33; R. & M. R. R. Co. v. F. L. & T. Co., 70 Ill. 249; Hunter v. Hunter, 100 Ill. 519; Gunn v. Donoghue, 135 Ill. 479; C. & N. W. Ry. Co. v. City, 148 Ill. 141; Grant v. Phoenix Co., 106 U. S. 429.

In Hunter v. Hunter, *supra*, the decree in question had found that the complainant was entitled to a separate maintenance, and so decreed, but did not determine the amount which should be ordered paid for the complainant's support. The Supreme Court held that this decree was not final in the sense that an appeal would lie from it; that it would become final and appealable only when the court decreed an amount to be paid, and that the Appellate Court had no jurisdiction to entertain an appeal from the decree.

In C. & N. W. Ry. Co. v. City, *supra*, the Supreme Court said:

"A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered."

In Grant v. Phoenix Co., *supra*, a decree had been entered in a suit for foreclosure, by which it was determined that the plaintiff was the holder and owner of the obligations secured by the mortgage; that the defendant had made default in payment upon these obligations; that defendant had not paid taxes; and that the indebtedness of the defendant to the plaintiff exceeded the value of the mortgaged real estate; and an accounting was ordered to determine the amounts due and amount paid for taxes, etc. The court held upon review that the decree was not final, in that it did not order sale of the mortgaged land. This latter decision is upon the facts presented directly applicable to the case now under consideration.

The fact that a part of the order, if it stood alone, would be a final adjudication of the rights of the parties in that behalf, does not operate to make the decree a final decree when the court expressly reserves its final decision as to the granting or denying of the foreclosure which is prayed for by the bill of complaint. A cause can not be thus brought piecemeal for review. Sholty v. Sholty, 140 Ill. 81.

We are aware that it is held in a certain class of orders, interlocutory in nature, and where no appeal is provided by statute, that there may nevertheless be an appeal, which will be entertained upon the ground of a peculiar hardship which would result from a delay until final decree. Crouch v. Bank, 156 Ill. 342.

But we find nothing in this case to bring it within the exception. Pain v. Kinney, 175 Ill. 264.

The appeal is therefore dismissed.