LUCAS BRODHEAD

*v.*

JOHN H. MINGES *et al.*

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*a final order is necessary to an appeal or writ of error.* Generally, until a final judgment or decree is entered by the court below no appeal or writ of error can be prosecuted.

2. SAME—*when decree in foreclosure is interlocutory.* A decree in foreclosure finding the amount due on the first encumbrance, that the second encumbrance was paid and ordering its removal as a cloud, but which retains the case in court for "a reasonable time" to await the final disposition of a pending burnt records proceeding, is not a final, appealable decree.

3. PRACTICE—*refusal of judge to enter final judgment does not justify appeal from interlocutory order.* The refusal of a judge to enter a final judgment or decree does not justify an appeal from an interlocutory order, the remedy in such case being by *mandamus* to compel a final decision.

*Brodhead* v. *Minges*, 99 Ill. App. 435, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is a proceeding in chancery by Lucas Brodhead, in the superior court of Cook county, to foreclose two trust deeds in the nature of mortgages. The property against which foreclosure is sought is in litigation in another proceeding. The bill alleges that the first mortgage was made by William A. Herting, in his lifetime,

for \$13,000, and was by him endorsed and afterwards transferred and delivered to the complainant for a full and valuable consideration; that by agreement made with Julia H. Herting the time of payment was extended for a period of five years; that the second mortgage was made by Julia H. Herting for \$10,000 to one Miles Almy, but has been assigned and transferred to complainant for a full and valuable consideration, and that the principal and interest on both mortgages are now due and unpaid.

A large number of persons interested in the property were made defendants, and several answers were filed setting up their interests. The answer of John H. Minges and others, the principal defendants, sets up that they believed the encumbrances set forth in the bill were executed by the parties named therein, but prayed proof of the amounts due thereon. The answer alleges that immediately prior to the filing of said bill both of said encumbrances were the property of one C. K. Miller and were both then past due; that an arrangement and agreement was then perfected between the holder of the notes and defendants that a foreclosure of the two encumbrances should not be instituted until the defendants could institute and prosecute a proceeding and clear the title to the property involved, of certain defects; that in pursuance of that agreement, and relying upon the same, Minges, on behalf of the owners of the property, filed a burnt records proceeding in the circuit court, which is undetermined. Subsequently an amendment was filed to the answer of Minges and others, in which it was charged that the \$10,000 loan was usurious.

Upon the hearing the court found the first encumbrance to be due and unpaid, and stated the amount due thereon to be \$26,174.92; that the second encumbrance was also due, but that it was usurious, and that after applying all the payments of interest to the reduction of the principal there was nothing due upon said note, but that it had been fully paid, and that as to both mort-

gages the proceeding to foreclose had been prematurely brought; that there had been a valid agreement between the holder of the encumbrances and the defendants not to foreclose until the burnt records proceeding had been consummated; that the notes being past due when Miller sold the same to the new holder thereof, the latter took them subject to that agreement; that not exceeding nine months from the entry of the decree would be a reasonable time for the prosecution of such burnt records proceeding, in accordance with said contract, provided that unnecessary delays caused by solicitors for complainant should not be included in said time, and provided further that the Supreme Court did not unduly delay action in the burnt records proceeding.

A decree was entered finding that the sum of $26,174.92 was due on the first encumbrance; that the second encumbrance was paid in full, and the same was ordered removed as a cloud upon said premises, and the cause was ordered to be "retained in court for a reasonable time, pursuant to the above findings." The record shows that on the date this decree was rendered the superior court was asked to enter an order that in default of the payment of the sums found due to the complainant upon the first encumbrance within nine months from the date of the entry of the decree the property be sold and foreclosed, but the request was denied. The cause was taken to the Appellate Court for the First District to reverse the decree below, but that court dismissed the appeal upon the ground that the decree rendered below was not final. From the order of the Appellate Court dismissing the appeal the cause is brought here, it being insisted that the appeal was improperly dismissed below.

N. M. JONES, and WILLIAM A. TAYLOR, for appellant.

W. H. WILKINS, LOUIS ZIMMERMAN, and WILLIAM F. MOMEYER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only question presented for our decision is, did the Appellate Court err in its judgment dismissing the appeal to that court? We entertain no doubt that its decision is in conformity with the decisions of this court in holding that the decree below was not a final one. It will be seen from the foregoing statement that the last order entered in the cause is not only not a final decree in a foreclosure proceeding, but is interlocutory and leaves the case undisposed of, and also leaves the time as to when it will be again taken up for final disposition unsettled, to be determined upon whether or not the burnt records proceeding therein mentioned shall be delayed by the solicitors for the complainant, or whether this court shall, in the judgment of the chancellor, unduly delay its final decision. We express no opinion as to the correctness of the findings of the chancellor, nor do we now pass upon the propriety of that order, but simply hold that it is not a final disposition of the case.

Section 68 of the Practice act allows appeals from and writs of error to the superior court of Cook county from "all final judgments, orders and decrees," (3 Starr & Cur. Stat. 1896, p. 3094,) and we have often held that until a final judgment or decree is entered in the court below no appeal or writ of error can be prosecuted. (*Coates* v. *Cunningham,* 80 Ill. 467, and cases there cited; *Tolman* v. *Jones,* 114 id. 147; *Farson* v. *Gorham,* 117 id. 137.) We think it equally clear that under the decisions cited in the opinion of the Appellate Court by SEARS, J., the order set out in this record is interlocutory. *Grant* v. *Phœnix Co.* 106 U. S. 429, is directly in point. It is true that exceptions may arise to the general rule that appeals and writs of error will only lie from a final decree or judgment, as in *Crouch* v. *First Nat. Bank,* 156 Ill. 338. There the object of the appeal was to secure a general fund in the hands of receivers for the mutual benefit of the creditors of the alleged limited partnership, by hav-

ing certain preferences set aside, and the amount of the fund could only be ascertained by a determination of the issues as to the appellee bank. Or as in *Blake* v. *Blake*, 80 Ill. 523, where it was held that an appeal would lie from an order made in a divorce proceeding for the payment of attorneys' fees and expenses by the husband, and subjecting him to imprisonment for failing to pay his wife provisional alimony previously ordered, on the ground that the order appealed from would occasion the husband to be deprived of his property or endanger his liberty. We are unable to see how this case can be brought within any such exception. Suppose the Appellate Court had refused to dismiss the appeal and had affirmed the decree of the court below. The effect would have been to allow parties to have decrees and orders of the circuit and superior courts reviewed by piecemeal, which we have held may not be done. (*Sholty* v. *Sholty*, 140 Ill. 81.) It is true, perhaps, that hardship may result to the complainants in the bill by the refusal of the court to make a final decree in the case; but conceding that to be true, it would furnish no excuse for an attempt to take an appeal from the interlocutory order, because to so hold would allow parties to abrogate the statute allowing appeals and writs of error only from final judgments whenever the action of the trial court might seem to them to impose unnecessary hardship or delay. If a judge should repeatedly refuse to make a final decision in a case, and so deprive a party of his legal rights, *mandamus* would seem to be the only proper remedy,—not to compel a decision in any particular way, but to compel a final decision. Whether or not the facts in the case would justify such a proceeding, however, need not be decided.

The judgment of the Appellate Court dismissing the appeal will be affirmed.            *Judgment affirmed.*

Mr. CHIEF JUSTICE MAGRUDER took no part in the decision of this case.