## John Loughlin v. United States School Furniture Company, et al.

### Gen. No. 11,688.

1. CORPORATE ASSETS—*when equity will follow.* If the officers or stockholders of a corporation form another corporation and transfer the good will, business and assets of the old corporation to the new one without paying the just debts of the old, equity will follow such property into the new corporation and subject it to the payment of such debts the same as though no transfer had been made.

2. FINAL ORDER—*general rule as to what is not.* The general rule is that an order of court dismissing a bill as to one party is not a final order, and cannot be appealed from until the case is fully disposed of as to all other parties.

3. FINAL ORDER—*exception to general rule as to what is not.* Where, under the particular circumstances of the case, it would be a great hardship upon appellant, if not a denial of justice to him, to dismiss the appeal, and *prima facie* he is entitled to relief upon the merits, the court will refuse to order a dismissal even though the judgment appealed from does not completely dispose of the case in which it was entered.

4. FINAL ORDER—*how character as such, determined.* The essence of what is done by the decree, and not what it may be called, determines whether or not it is final.

5. CONSOLIDATION OF CORPORATIONS—*when, does not appear.* Held, that the allegations of the bill filed in this cause, admitted by the demurrer, show not a consolidation of corporations, but the succession of one corporation by another.

6. CONSOLIDATION OF CORPORATIONS—*when cannot be effected.* There is no statutory power in this state under which an Illinois corporation may be legally consolidated with a foreign one.

Creditors' bill praying for a receiver. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.

Loughlin v. U. S. School Furniture Co.

Heard in this court at the March term, 1904.    Reversed and remanded. Opinion filed January 23, 1905.

**Statement by the Court.** Appellant filed a bill against appellees and others alleging that October 10, 1901, he recovered a judgment in the Superior Court for the sum of $32,417.42 against the United States School Furniture Company, a corporation; that execution was issued thereon and duly returned unsatisfied, and that such judgment remains in full force; that said corporation was organized under the laws of this State in January, 1892, for the purpose of dealing in school furniture. and school supplies throughout the United States, and having its principal office in the city of Chicago; that at the time of the grievance thereinafter stated said corporation, its assets and good will, were of the value of more than $500,000; that during this time appellant owned one share of its stock, and was an officer and director thereof, and at the request of its officers had sold it goods and had loaned it moneys to the amount of $24,500, which is the basis of the aforesaid judgment; that in February, 1892, its capital stock was duly increased to $2,000,000, and thereafter its business was so conducted that it owed no preferred debts and had no debts except to certain of its directors and stockholders, like appellant, who were its creditors for goods furnished and for moneys loaned; that thereafter certain of its directors urged the formation of a larger corporation, to be organized under the laws of the State of New Jersey, to take over and to succeed to the business of said United States School Furniture Company; that a committee, of which appellant was a member, was appointed to consider the matter, but a disagreement arose among its members, and it made no report to the company, nor was the subject ever after brought up before the board of directors at any meeting where appellant was present; that in February, 1899, appellees Holbrook and Burkhart and Thomas M. Boyd, Oliver S. Garretson, George W. Perkins, and others unknown, constituting the principal stockholders of said corporation, some of whom were its creditors, but not pre-

ferred, without the knowledge or consent of appellant, with the fraudulent intent of defeating or defrauding appellant and certain other creditors of their just demands, proceeded to organize a new corporation in the same line of business which should succeed to and take over the good will and all the assets of the United States School Furniture Company, and should leave appellant and other creditors not in the conspiracy unpaid and without any security for the payment of their claims against said last named company, and that in pursuance of such conspiracy the American School Furniture Company was organized in March, 1899, under the laws of the State of New Jersey, and its stockholders, directors and managers were largely the stockholders, directors and managers of the original corporation; that immediately after this new corporation was organized, its directors, managers and officers, including the individual defendants to this bill, acting for each and both of said corporations, without the knowledge or consent of appellant, and for no consideration to said original corporation, and with intent to cheat, hinder, delay and defraud appellant and other creditors not in said conspiracy of their just demands, caused and procured all the business, properties, assets, trade and good will, together with the sales agencies of said original corporation, of the value of more than $500,000 and sufficient in value to pay all of the creditors of said company, including your orator, to be assigned, transferred and taken over by said new company, and caused the offices and place of business of said original corporation, in the city of Chicago, to be closed and abandoned, leaving said company entirely denuded of its assets, and without means for the continuation of its business or the payment of its indebtedness; that in pursuance of such conspiracy said New Jersey corporation has by its officers, directors and managers, long since disposed of the assets so taken over, and has changed its sales agencies, trade and good will to the use and benefit of the New Jersey corporation, and has caused such of its promoters as were interested in the original company as stockholders to be pro-

tected as to their stock in said last named company by giving them stock in the new corporation, and caused their claims to be preferred and paid; that by reason of these acts the United States School Furniture Company is insolvent and wholly destitute of assets and its organization abandoned.

The prayer is for an accounting and for a receiver, and that the assets disclosed may be subject to the payment of appellant's judgments, and for general relief.

Holbrook and Burkhart filed a joint demurrer, while the United States School Furniture Company and the American School Furniture Company filed separate demurrers to the bill. The demurrers of the American School Furniture Company and of Holbrook and Burkhart were sustained, and the bill was dismissed as to them. Appellant then perfected this appeal.

In this court the American School Furniture Company filed a motion to dismiss the appeal; first, for a defect in the appeal bond; second, that the appeal was of a portion of the cause only, since the demurrer of the United States School Furniture Company to the bill still stands undetermined in the Superior Court. This court overruled said motion as to the first ground, and held it as to the second ground unto the hearing.

Park Phipps, for appellant.

John J. Symes, for appellees.

Mr. Presiding Justice Ball delivered the opinion of the court.

If the officers or stockholders of a corporation form another corporation and transfer the good will, business and assets of the old corporation to the new without paying the just debts of the old corporation, equity will follow such property into the new corporation and subject it to the payment of such debts the same as though no transfer had been made. And if any individual participating in such transfer has profited thereby, he will be held account-

able to the extent of that profit. 5 Thompson on Corpn's, ch. 148; Cook on Corpn's, sec. 672; Beach on Private Corpn's, sec. 797; Hibernia Ins. Co. v. St. & C. T. Co., 13 Fed. 516; Brum v. Ins. Co., 16 Fed. 140; Sidell v. M. P. Ry. Co., 78 Fed. 724; Chicago, etc. v. Third Nat'l Bk., 134 U. S. 276; Vance v. McNabb C. & C. Co., 92 Tenn. 47; Wheeler v. Pullman I. & S. Co., 143 Ill. 207.

The general rule is that an order of court dismissing a bill as to one party is not a final order, and cannot be appealed from until the case is fully disposed of as to all other parties. Thompson v. Follansbee, 55 Ill. 427; Bucklen v. Chicago, 166 Ill. 451; Dreyer v. Goldy, 171 Ill. 434; Pain v. Kenney, 175 Ill. 264. But there is a well-recognized exception to this rule. Where, under the particular circumstances of the case, it would be a great hardship upon appellant, if not a denial of justice to him, to dismiss the appeal, and *prima facie* he is entitled to relief upon the merits, the court will refuse to order a dismissal, even though the judgment appealed from does not completely dispose of the case in which it was entered. Freeman on Judgments, ch. 1, sec. 35; P. D. & E. Ry. Co. v. Pixley, 15 Ill. App. 285; Crouch v. First Nat'l Bank, 47 Ill. App. 575; Dreyer v. Goldy, 62 Ill. App. 354; Bucklen v. Chicago, 166 Ill. 454.

The bill in this case was brought to reach certain assets which once belonged to the United States School Furniture Company, but which had been taken into the possession of the American School Furniture Company before the suit was commenced. These assets were inequitably transferred to the latter company by the aid of Holbrook and Burkhart. Appellant had recovered a judgment upon his claim against the former company, and had exhausted his remedy at law against it. He is not here asking any relief as to the United States School Furniture Company other than discovery. The bill alleges that the assets sought to be recovered have passed out of its possession and control. To dismiss appellees out of this case deprives appellant of any remedy. Under these circumstances we think the case stands clearly

within the exception to the rule. Again, while the United States School Furniture Company is a proper party, it is not a necessary party to the bill. It can neither gain nor lose. It is a matter of indifference to it what the final judgment in this case may be. It has been stripped of its property, is not a going concern, but is a derelict. Appellant is not seeking to reinvest it with the assets of which it has been deprived. He is seeking to compel payment of his claim from appellees, who have been dismissed out of the case, and without whose presence he is without remedy. Such company not being a necessary party to this suit, it is a matter of indifference that the cause still pends as to it in the trial court. Quinn v. People, 146 Ill. 279; Eldred v. Am. Palace Car Co., 99 Fed. Rep. 168. Further, in all essential particulars this is a final decree. The material allegations of the bill plainly impress upon the assets taken over by the American School Furniture Company the duty of satisfying the claim of appellant. The essence of what is done by the decree, and not what it may be called, determines whether or not it is final. Potter v. Beal, 50 Fed. Rep. 860.

It is urged that the matters averred in the bill bring the transaction within the statute governing the consolidation of corporations, and hence appellant has mistaken both the form of his remedy and the forum, having by statute a plain, adequate and complete remedy at law. The infirmity of this position is two-fold: first, the allegations of the bill, which, upon this appeal, must be taken to be true, show conclusively that the thing accomplished was not a consolidation, but was a succession; second, it is undisputed that the American School Furniture Company is a foreign corporation. In American Trust Co. v. M. & N. W. Ry. Co., 157 Ill. 641, it is decided that there is no statutory authority under which an Illinois corporation may legally consolidate with a foreign corporation, and that the legislative policy of this state is against the exercise of this power. See, also, Kavanagh v. Omaha L. Ass'n, 84 Fed. Rep. 295.

We do not regard the further contentions of appellees as substantial.

The motion to dismiss this appeal is disposed of adversely to appellees by what has been here said.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*