## Benjamin J. Rosenthal et al. v. Board of Education of the City of Chicago.

### Gen. No. 13,985.

1. APPEALS AND ERRORS—*right of complainant to complain of decree entered in his favor.* Notwithstanding a decree may in some respects be satisfactory to a complaining party, if final and otherwise appealable, it may be made the subject of review at his instance if objection was made to it at the time of entry.

2. APPEALS AND ERRORS—*when decree not final.* A decree which sets aside an appraisement and enjoins the defendant from attempting to enforce it "until the further order or decree of this court" and which expressly reserves for future consideration "the matter of determining the fair and reasonable rental value of lot thirty-one for said ten years," is not final and appealable.

Bill for injunction, etc. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Appeal dismissed. Opinion filed May 1, 1908.

Rosenthal v. Board of Education.

**Statement by the Court.** This is a motion by appellee to dismiss the appeal. Appellants filed a bill against appellee seeking to set aside an appraisement claimed to have been made under a lease and alleged supplemental lease made by appellee and set forth in the bill of complaint. It is not necessary for the determination of the present motion to consider the cause upon its merits. The substantial contentions made by the bill are that the appraisement was not properly and lawfully made, and that it is unreasonable and unjust. The prayer of the bill is "that the rent due and payable by your orators for said lot 31 for each and every one of the ten years commencing on May 8, 1905, and ending on May 8, 1915, may be declared by decree of this honorable court to be the sum of $9,900 and no more, and that the said Board of Education, its agents, attorneys and servants may by decree of this honorable court be restrained from attempting to collect from your orators any greater sum for rent than the aforesaid sum of $9,900 per annum during said period of ten years and from attempting or pretending in any manner to declare your orators' said leases and possession of land aforesaid or any of your orators' rights therein, forfeited, and from attempting to distrain upon your orators' goods and chattels for any rent so as aforesaid by the said Board of Education pretended to be due," from selling the building on said lot or interfering with complainants' peaceable possession thereof, and for general relief.

The Circuit Court granted a preliminary injunction. Subsequently the cause, as the decree appealed from recites, "came on to be heard for final hearing on the bill of complaint," the answer and replication thereto. The decree finds the equities with the complainants, that they are owners of the leasehold interest in lot 31 in controversy, that an appraisal should by the terms of the lease have been made within three months prior to May 8, 1905, for the purpose of determining

the rental for the subsequent ten years, that the appraisers failed to perform their duty in that behalf and made an illegal appraisement not warranted by the leases; that by an appraisal of said lot made in 1895 the rental was fixed at $9,900 per year from May 8, 1895, to May 8, 1905; that while the leases required a new appraisement in 1905, none was lawfully made; that paragraph 8 of the supplemental lease provided, in case of failure to make an appraisement according to the terms of the lease at any required time, that the rent for the ensuing period of ten years "shall be the same as that paid or reserved as rent during the last preceding period of ten years;" that while complainants insist the rent for the ten years beginning May 8, 1905, should be the same as for the preceding period of ten years, the court finds such contention unwarranted, and that while complainants do not by specific prayer seek such relief, that under the prayer for general relief the court should decree such relief as the allegations of the bill and the evidence will justify, and should proceed to ascertain or determine the true cash value of said lot 31, exclusive of improvements, and to appraise the value of the lot or the rental value thereof for the ten years beginning May 8, 1905; that it appearing that by reason of sundry suits pending brought by sundry parties to set aside sundry appraisals under similar leases from the defendant, "that it is of great public importance and to the best interests of all parties to be affected thereby that a final and appealable decree be now entered herein so that the proper construction and interpretation of said leases may be finally determined," it is therefore ordered:

(a)  That the appraisal of lot 31 in controversy be set aside, that the defendant be enjoined from attempting to enforce it and from collecting "any sum of money for rent of lot 31 for the period from May 8, 1905, to May 8, 1915, in excess of $9,900 per year until the further order or decree of this court."

(b)   That the rental to be paid by complainants for said lot 31 for the ten years from May 8, 1905, until May 8, 1915, is not fixed by paragraph eighth of the supplemental lease in question and that the determination of the fair and reasonable rental value of said lot for said period of ten years ''be reserved for the further consideration of this court until after the final disposition of the appeal hereinafter allowed.''

(c)   That the costs be paid by defendant and that an appeal is granted to the complainant upon filing bond and certificate of evidence in thirty days.

DONALD L. MORRILL and MAYER, MEYER & AUSTRIAN, for appellants.

FRANK HAMLIN and ANGUS R. SHANNON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee moves to dismiss the appeal and assigns as grounds for the motion, first, that the decree of the Circuit Court appealed from is not a final decree; second, that the statutes provide for appeal only from final and not from interlocutory decrees; and third, that the decree was entered upon the motion and at the request of appellants. The last of these alleged grounds may be disregarded. The decree as entered is not such as the appellants prayed for and was objected to, although in some respects apparently not unsatisfactory to them. No reason appears why they could not appeal from a decree entered over their objections if such decree is final and appealable.

We are of opinion, however, that this is not a final decree and that we are without jurisdiction to entertain the appeal. As appears from the preceding statement the decree sets aside the appraisement in controversy fixing the value of lot 31, enjoins the defendant from attempting to enforce it and from attempting to

collect in any way from complainants any sum of money for rent of said lot 31 for the ten years succeeding May 8, 1905, "until the further order or decree of this court." It is apparent from language of the decree that it was intended to be "final and appealable;" but we cannot concur in the contention that a decree which by its terms remains in force only until the further order of the court which enters it, which leaves it open for that court to change it at any time and which expressly reserves for further consideration "the matter of determining the fair and reasonable rental value of lot 31 for said ten years," is a final decree. The matters thus held subject to "further order of decree" of the court and reserved for further consideration embrace substantial matters of controversy. It was said in Farson v. Gorham, 117 Ill. 137-140, "the order that has been entered may be vacated by the Circuit Court in a final decree and hence no necessity exists for reviewing that order until the final decree is rendered in the cause." While substantial questions raised by the bill and in part covered by the decree appealed from are still open for further disposition by the Circuit Court that decree must be regarded as interlocutory. As said in Schofield v. Thomas, 226 Ill. 631: "This court will not determine a case by piecemeal." Whether the Circuit Court erroneously set aside the appraisement, found that the leases themselves do not fix the rental value for the ten years succeeding May 8, 1905, and reserved the matter of fixing said rental value until after the final disposition of the appeal, will not be considered by an appellate tribunal "until the case has finally been determined below and the whole record is properly presented for review." The statute provides (chap. 110, sec. 68) that appeals and writs of error "may be taken from all final judgments, orders and decrees" except as specially provided. A judgment or decree is only final when it terminates the litigation between the parties on the merits of the

case, so that when affirmed the court below has only to execute the judgment or decree it has already entered.  C. & N. W. Ry. Co. v. City of Chicago, 148 Ill. 141-153.  The decree under consideration is not of that character.  The court has reserved and left undecided an ultimate question in controversy, viz., the amount of rent to be paid.  What is said in Brodhead v. Minges, 198 Ill. 513 is, we think, in point.  In Gray v. Ames, 220 Ill. 251-254, a final decree is defined to be "one which fully decides and finally disposes of the entire merits of the case."

It is contended in behalf of appellants that the decree under consideration is final and appealable because, as is claimed, it sets aside an award, fixes the ultimate rights of the parties under their contract, determines the merits of the case and awards costs against the defendant.  It is true the decree purports to set aside the alleged appraisement but it leaves the parties suspended thereafter, the defendant enjoined from collecting more than a certain sum as rental which is subject to the further order of court and the complainants protected to that extent by an injunction likewise subject to such further order, while the whole matter of determining the rental to be paid during the ten years in question, the ultimate subject matter, as we have said, of the whole contention, is expressly reserved for consideration until after the final disposition of the appeal.  This is to bring the case up by piecemeal.  Appellants' counsel refer us to Crouch v. First National Bank, 47 Ill. App. 574-575, in support of their contention that the present appeal should be entertained as an exception to the general rule that an appeal will not lie until the cause has been finally disposed of in the Circuit Court; and to Loughlin v. U. S. School Furniture Co., 118 Ill. App. 36-40.  In the case last cited, it was said that "under the particular circumstances" of that case it would "be a great hardship upon appellant if not a denial of justice to him to dismiss the appeal," and that "in

all essential particulars this is a final decree.'' No such exigency is shown to exist in the case at bar, and we are unable to discover any sound reason for regarding it as within any exception to the general rule imposed by statute that appeals lie only from ''final judgments, orders and decrees.'' See Brodhead v. Minges, 198 Ill. 513-517. (R. S., chap. 110, sec. 68.) It is true, as said in Allison v. Drake, 145 Ill. 500-510, that ''a final decree is not necessarily the last order in the case,'' but it is also true as further said in the same cause that ''when it finally fixes the rights of the parties, it is final and may be reviewed on appeal or writ of error.'' Counsel argue that ''if it shall be decided that the rent is determined and fixed by the terms of the lease and that the court has no right to substitute its own award for that of the appraisers, then there can be no question about the finality of the decree.'' Whether so or not, it is equally clear that if not so decided the decree would not be final.

For reasons indicated the appeal must be dismissed.

*Appeal dismissed.*