## GUDGELL AND AUSTIN *vs.* MEAD AND OTHERS.

1. A court of equity has no power to decree a partition of personal chattels between joint-tenants, or tenants in common.

2. An appeal will not lie from a decree of a court of equity, that partition be made between the parties. Such decree is interlocutory.

8  53
100  96
8  53
123  162
8  53
133  346

APPEAL from Livingston Circuit Court.

SCOTT, *Judge, delivered the opinion of the Court.*

The appellees filed a bill in chancery against the appellants for a partition of chattels, consisting of an anvil, bellows, vice, hammers, &c.

The appellants demurred to the bill, and their demurrer being overruled, they made no further answer; whereupon the court decreed a partition, and appointed commissioners to make it.

From this decree, the appellants appealed to this Court. The question presented by the record is, whether a partition of personal chattels can be decreed by a court of equity, between joint tenants, or tenants in common.

A writ of partition for joint tenants, or tenants in common, of real estate, did not lie at common law. This writ was given only to parceners, for, as the tenancy in co-parcenery was created by law, so the law gave the tenants a writ of partition.

But, as joint tenants and tenants in common became such by their own act, the law provided no means by which they could obtain a separate interest in that which had become joint and undivided by their own consent.— Coke's Littleton, Thomas' edition, vol. i., 806.

The statutes of 31 and 32 Henry VIII. gave the writ of partition to joint tenants and tenants in common of real estate. The last of these statutes gave the writ to the joint owners of a lease for years. From this it would appear, that, by the common law, the joint owners of chattels had no process for compelling partition.—*Ibid.*

It would be extremely difficult, in many cases, to make partition; many chattels are not susceptible of a division; of such, partition could only be made by allowing each owner to enjoy the chattels, for a given period, alternately.

A power to sell is not incidental to the jurisdiction to make partition.

If partition in kind cannot be made, a court of equity, without the authority of statute law, cannot decree a sale. (Thompson *vs.* Hardman, 6 John. C. Rep., 436.) In the case of Tinnoo *vs.* Ginkle, (1 Dessas. R.,) a sale was decreed where partition could not be made advantageously, and the land was *unproductive to the children.*

In Coleman *vs.* Hutchison, (3 Bibb., 216,) the court said, no case had been found where a sale of the property has been adjudged or decreed, under the doctrine of partition at law, or in equity.

From the manner in which partitions of estates in England have been made, it would seem a court of chancery could not decree a sale; otherwise, modes of partitioning estates so inconvenient as have sometimes been made by her courts of chancery, would never have been submitted to. Take one for example:—A commission of partition of a house having been executed, exceptions were taken, on the ground, that the commissioners had allotted to the plaintiff the whole stack of chimneys, all the fire-places, the only staircase in the house, and all the conveniences of the yard; the exceptions were overruled; the chancellor saying, the did not know how to make a better partition between the parties.—Turner *vs.* Morgan, 8 Ves.; Manners *vs.* Charlesworth, 7 Cond. Eng. Chan. Rep., 69.

In 4 Randolph, 95, it is said, "that tenants in common of a personal thing cannot compel partition by proceedings at common law, and therefore, equity has jurisdiction." The point was not made in the cause, and the expression is uttered in argument, and no authorities are cited.

But, with deference, it does seem that the court took the point in dispute for granted. The question is not, what court has jurisdiction? but, whether a partition of things merely personal can be made at all?

We have not been able, after some research, to find a case in which a partition of chattels has been decreed, except leases for years, for which partition was given by the statute. In the case of Coleman *vs.* Hutchison, (3 Bibb., 216,) the court says, "The right of partition of slaves is given by statute. We have no statute allowing partition of mere personal chattels." Abbott, in his work on shipping, part I, chap. iii., sec. 2, says, "A personal chattel, vested in distinct proprietors, cannot possibly be enjoyed advantageously by all, without a common consent and agreement among them. 'To regulate their enjoyment, in case of disagreement, is one of the hardest tasks in legislation; and it is not without wisdom, that the law of England, in general, declines to interfere in their disputes, leaving it to themselves, either to enjoy their common property by agreement, or to suffer it to remain unenjoyed, or to perish by their dissensions, as the best method of forcing them to a common consent for their common benefit."

Perhaps in analogy to the power exercised by a court of equity, when it winds up the concerns of a partnership, in decreeing a sale of the joint property, and a conversion of it into money; so would such a court, if a bill for an account was brought by one part owner against another, decree a sale of the property of whose profits an account was sought, so as to do complete justice between the parties. (3 Kent, 64.) That such a step would be necessary, seems to follow from the established principle, that a bill brought for an account of partnership transactions is demurrable, unless it prays a dissolution of co-partnership.—Loxcomb *vs.* Russell, 6 Con. Eng. Can. Rep., 4.

In proceedings in partition, both at law and in equity, there are two judgments and decrees; the one interlocutory, and the other final. The first is *quod partitio fiet, inter partes de tenementis,* upon which a writ, or commission, goes, commanding that partition be made, and upon the return of this writ, or commission, executed, if the proceedings are approved by the court, the second judgment is given — *quod partitio firma, et stabilis in perpetuum teneatur.* This is the principal judgment, and before it is given, no writ of error does lie.—Thomas' Coke, vol. i., 807, 808.

The appellants took their appeal before a final decree was entered; it was an interlocutory decree, not final. No partition had, in fact, been made; there was only a decree requiring it to be done, and no further proceedings were had under it when they took their appeal.

The appeal, then, must be dismissed, at the costs of the appellants, and the cause be remanded, with directions to dismiss the bill, at the costs of the complainants.