## David Caswell, Jr. v. Charles C. Comstock and Others.

An appeal in chancery to this Court, will only lie from a final decree or final order.

A decree is not final which directs a reference to a master or other officer to do what the Court, but for its power to make such reference, would itself have to do before it could decide the case.

*Heard May 31st. Decided June 1st.*

Appeal by defendants from Kent Circuit in Chancery.

*G. V. N. Lothrop* moves to dismiss the case on the ground that the decree appealed from is not a *final* one, and therefore the appeal would not lie.

The following is the decree, omitting the formal portions only, and sufficiently indicates what was the case upon which the decree was rendered.

"It appearing that the deed of conveyance, executed by complainant to defendant Comstock, dated December 6th, 1853, and the contract of same date, between same parties, and relating to same subject-matter, were cotemporaneous acts, and part and parcel of the same transaction, and that said deed was not intended as an actual conveyance, but that said deed and contract were intended as a security to defendant Comstock for whatever advances he should make under said contract, and for the performance of the undertakings of complainant contained in said contract, with the option on the part of Comstock to purchase premises described in said deed, should he elect to do so within two years from the date of said deed and contract.

"Further, that by a subsequent contract between complainant and defendants Comstock and Chapin, dated August 1854, Comstock waived his right to become absolute purchaser of said premises.

"Further, that the undertakings of complainant, contained in said last contract, respecting the completion of saw-mill, on said premises, were designed as a security to defendants for the payment of the sums of money agreed to be paid to them by complainant in said first contract, and not as a condition precedent to the performance of the undertakings of the defendants contained in said last contract.

"*It is therefore ordered, adjudged, and decreed*, that the said last contract, dated August 2d, 1854, be specifically performed by defendants Comstock and Chapin.

"*Ordered* that it be referred to William Ashley, Jr., *to take proof respecting damages*, alleged in bill of complaint to have been sustained by complainant on account of alleged breaches of contract of August 2d, 1854. Also, *to take proofs of sale, disposition, or conversion*, by defendants, of real estate, saw logs, or other personal property, the sub-

CASWELL *v.* COMSTOCK.

ject of said last contract, charged in bill of complaint to have been sold, disposed of, or converted by defendants contrary to the provisions of said contract.

"*And that he report* such proofs, together with the sums with which defendants are charged on account of such damages, and sale and disposition of property, as aforesaid.

"*And that he compute* amount of payments made to defendants by complainant under said contract.

"*And report* the amount due to defendants from complainant under said contract, after deducting all payments, and all sums chargeable to defendants, as aforesaid, for damages sustained by complainant, and for property sold or converted, as aforesaid.

"*And that* in case any balance should be found due to defendants, or either of them, upon the tender of such sum, the defendants, or such of them as hold the legal title thereto, *execute, acknowledge, and deliver* to complainant deeds of bargain and sale of lands mentioned in the last contract [a description of which is given].

"And in case defendants shall, for the space of — days after the tender of sum found due as aforesaid, neglect or refuse to execute said deed, it shall be lawful for complainant to cause a certified copy of this decree to be recorded in the office of register of deeds for county of Kent, and said decree so recorded, shall have the effect of a deed of conveyance of said premises, and the record of said decree shall have the effect of a record of a deed, as notice to subsequent purchasers or incumbrancers, and for all other purposes for which deeds are required by law to be recorded.

"*Decreed further*, on neglect or refusal of complainant to pay said balance found due defendants, as hereinbefore stated, it shall be lawful for defendants to have premises described in contract of August 2d, 1854, or such portion thereof as shall be necessary, sold at public auction, due notice to be first given, by such person as this court

6 MICH.—2A.

shall appoint, and out of the avails to pay such balance, and costs and charges of sale, refunding surplus to complainant.

"*Decreed further*, that Comstock be perpetually enjoined from the further prosecution of the suit at law mentioned in bill of complaint."

*Mr. Lothrop* cited in support of the motion, *The Palmyra*, 10 *Wheat.* 502; *Brown v. Swan*, 9 *Pet.* 1; *Forgay v. Conrad*, 6 *How.* 202; *Perkins v. Forniquet*, *Ibid.* 206; *Beebee v. Russell*, 19 *How.* 283; *Farrelly v. Woodfolk*, *Ibid.* 288; *Travis v. Waters*, 12 *Johns.* 507; *Jaques v. Methodist Church*, 17 *Johns.* 559; *Kane v. Whittick*, 8 *Wend.* 224; *Jenkins v. Wild*, 14 *Wend.* 539; *Berryhill v. McKee*, 3 *Yerg.* 157; *Wing v. Warner*, 2 *Doug.* 288; *Prentiss v. Rice*, *Ibid.* 297; *Morris v. Morris*, 5 *Mich.* 171.

*C. I. Walker*, *contra*, claimed that under the statute the party may appeal from any *decree*, final or interlocutory — the words of the statute being "any *decree or final order*." As to what is a *decree*, he cited *Dan. Ch. Pr.* 1192. He claimed also, that this decree was final in its character, and did not necessarily contemplate or require further action by the court. He cited *Benedict v. Thompson*, 2 *Doug.* 302, 306; *Taylor v. Reed*, 4 *Paige*, 567; *Mills v. Hoag*, 7 *Paige*, 18; *Dickinson v. Codwise*, 11 *Paige*, 189; *Wright v. Miller*, 3 *Barb. Ch.* 382; *Travis v. Waters*, 1 *Johns. Ch.* 87.

MANNING J.:

A motion is made in this case to dismiss the appeal on the ground that the decree appealed from is not a final decree. Our attention was called by opposing counsel to the phraseology of the statute, which allows an appeal from "the decree or final order" — the word "final" being used in connection with "order," and not "decree." All decrees

are, like judgments at law, either interlocutory or final;— the latter when they are the final determination of the court on the rights of the parties, and the former when they are auxiliary only to the final determination. And when the word decree alone is used in a statute, we think it is to be understood to mean a final decree, unless there be some thing in the context showing an interlocutory as well as a final decree is intended. The universal understanding—one that has been acted on by both the bench and bar—we believe, has been that a final decree only could be appealed from; and such, we think, is the true construction of the statute.

The decree, after stating a certain contract between the parties should be specifically performed by defendants, directs a reference to take proof of damages, alleged in the bill to have been sustained by complainant, and of the sale and conversion by defendants of certain real and personal property. It then directs the officer to report such proofs, with the sums that defendants are to be charged with, and that he also compute the amount of payments made to defendants by complainant under the contract, and report the amount due to defendants from complainant under the contract, after deducting such payments and damages. And in case a balance should be found due to defendants, or either of them, on complainant making a tender to them of such balance, they are required to convey the premises described in the contract to complainant. Such a decree is clearly interlocutory and not final. No decree, we think, is final that directs a reference to a master, or other officer, to do what the court, but for its power to make such reference, would itself have to do before it could decide the case. Such references are made, not in execution of the decree, but to relieve the court of what it would otherwise have to do itself. The acts and doings of the master in all such cases are in their nature judicial, and not ministerial, and, to be effectual, must be confirmed by the court, when they become the acts of the court itself.

CASWELL *v.* COMSTOCK.

There appears to be some little confusion in the cases as, to what is a final decree, which we are disposed to attri-. bute to the fact, that the court, in some few of the cases, does not seem to distinguish between directions given for the execution of a final decree, as in mortgage sales, and references that are preparatory to a final decision upon the merits. A decree with such a reference can, with no more propriety, be called a final decree, than a judgment at, law with a reference to a clerk or a jury to assess damages, can be called a final judgment.*

CHRISTIANCY and CAMPBELL JJ. concurred. MARTIN Ch. J. did not sit in this cause, having decided the case in the court below.

*The same motion was made in the case of *Angeline G. Moore v. Charles Olin*, from Calhoun Circuit, and was disposed of at the same time, in the same way. The bill in that case was filed by complainant against her late guardian to set aside certain deeds and a lease made by her to him, to declare void a receipt which she had given him, and for an account, &c. The decree declared the deeds void, except that, under the circumstances of the case, they should stand as security for any amount that should be found due the defendant from complainant on accounting—it declared the lease and receipt void, and referred the cause to the circuit court commissioner for Calhoun county to take an account between the parties, with specific directions in respect to such account, and to report thereon. And all questions of costs, as well as all further directions, were reserved until the coming in of the commissioner's report.

*G. V. N. Lothrop,* for appellee.
*C. I. Walker,* for appellant.

The case of *John W. Turner v. Oliver S. Chapman and Others,* dismissed a few days earlier, was an appeal from a decree made on bill filed for the specific performance of a contract for the conveyance of lands. The decree was that complainant is entitled to a specific performance, and that it be referred to a circuit court commissioner to ascertain if defendants can make good title to the premises in question, and to report thereon, and also to report the amount due from complainant on the agreement; and that the question of costs and all other directions be reserved until the coming in of his report.

*J. G. Sutherland,* for appellee.
*A. Gould,* for appellants.

The following, in addition to those cited on the argument, are cases in which courts have discussed the question, *What is a final decree? Craighead v. Wilson,* 18. *How.* 199; *Gudgell v. Mead,* 8 *Mo.* 53; *Young v. Skipwith,* 2 *Wash.* 300; *Williams v. Field,* 2 *Wis.* 421; *McMurtry v. Glascock,* 20 *Mo.* 432; *Choteau v. Rice,* 1 *Minn.* 24.