# W. A. GRAY

*v.*

# SYLVIA J. AMES.

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

1. JUDGMENTS AND DECREES—*when decree in accounting is interlocutory.* A decree in accounting is not necessarily rendered interlocutory because it provides for a reference to the master to state the account, but if the decree is not complete in itself and leaves some of the equities of the case to be judicially determined after the coming in of the master's report, the decree is interlocutory and is not subject to appeal.

2. SAME—*dismissal of suit vacates interlocutory decree.* After the term at which an interlocutory decree was entered referring the case to the master, the court has power to dismiss the suit for want of prosecution, and such dismissal operates to vacate the interlocutory decree.

3. SAME—*court cannot re-instate case, on motion, after term at which it was dismissed.* After the term has expired at which a suit was dismissed the court has no jurisdiction to enter an order vacating the order of dismissal and re-instating the case.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

On September 2, 1898, appellee filed her bill in the superior court of Cook county, against appellant, for the specific performance of a contract, by the terms of which the appellee agreed to convey to appellant a certain stock of goods in the city of Peoria in exchange for a house and lot in the city of Chicago. The specific terms of the contract and the facts as they appeared upon the hearing are, in our view of the case, immaterial in its consideration. After the bill was filed, and before the hearing, appellee sold the stock of goods at public auction, and the net proceeds of the same amounted to $293.30, which she claimed to hold for appellant. During a portion of the time pending the hearing she also was in possession of the real estate in question. Upon issue being joined the case was referred to a master to take

the evidence and report the same, together with his conclu-
sion of law and fact. His report was in favor of appellee
and recommended a decree in accordance with the prayer of
the bill. Exceptions filed to the report were overruled, and
on June 20, 1902, a decree was entered, which found that the
appellee was entitled to a conveyance of the premises from
appellant, by a good and sufficient warranty deed, upon ap-
pellee delivering to appellant a warehouse receipt for a piano
and desk included in the contract, with these further provi-
sions: "Also the net proceeds of the sale of the personal
property described in said contract, amounting to the sum of
$293.30, less whatever amount may be found to be due the
complainant upon an accounting. The court doth further
find that said complainant is entitled to an accounting with
the defendant for rents and profits of the said real estate
from and after August 11, 1898, except during such time as
the same was occupied by the complainant, less whatever
amount the defendant is entitled to retain under said contract
for taxes and interest paid by him upon the encumbrance,
and the reasonable cost of such proper and necessary repairs
as the defendant may have caused to be made to said prem-
ises since August 11, 1898." The decree then referred the
cause back to the master to state the account. The appellant
prayed an appeal from that decree, but subsequently aban-
doned it upon the ground that it was not final.

No further steps were taken in the case until May 21,
1903, when the following order was entered: "This cause
coming on to be heard this day upon due notice and under a
general order of court heretofore entered herein on Friday,
the third day of April, A. D. 1903, that together with certain
numerous other causes in which no steps have been taken
during a period of many terms of this court or which the
parties have failed or neglected to put at issue by May 1,
1903, would be dismissed for want of prosecution and for
want of compliance with such order recorded in book 177,
page 335, unless at and upon this call good cause would be

shown why there has not been a due prosecution or compliance with such order of the third day of April, 1903, and it now appearing to the court that such order has not been complied with in this cause and that there has not been a due prosecution thereof, and further that no cause has been shown for such non-compliance with such order nor for the want of due prosecution of this cause, and that the same has not been prosecuted with due diligence, it is therefore ordered, adjudged and decreed that this cause be and it is now and hereby dismissed without costs for want of prosecution, with leave, however, to any party in interest to appear before this court on or before June 20, 1903, and move for the setting aside and vacation of this order upon the showing of good cause therefor."

Until long after June 20, 1903, no steps were taken to set aside and vacate said order of dismissal, but on May 4, 1904, an order was entered setting aside the previous order and re-instating the case. The appellant objected to this order upon the ground that twelve terms of court had intervened since the entry of the order dismissing the case and that the court had no jurisdiction to re-instate it, and upon the overruling of such objection duly excepted. Upon the case being re-instated the master's statement of account was presented and approved and a decree entered in accordance with the report. To reverse this decree an appeal has been prosecuted to this court.

CARL J. APPELL, for appellant.

EDW. M. AMES, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The points raised by this appeal turn upon the question as to whether or not the decree entered on June 20, 1902, was final. In *Mills* v. *Hoag,* 7 Paige's Ch. 18, (31 Am. Dec. 271,) it is said: "Chief Justice Savage defines a final

decree to be the last decree which is necessary to be entered to give to the parties the full and entire benefit of the judgment of the court." A final decree is one which fully decides and finally disposes of the entire merits of the case. Some other order or decree of the court may be necessary to carry into effect the rights of the parties or some incidental matter may be reserved for consideration, which decision either one way or another cannot have the effect of altering the decree by which the rights of the parties have been declared. A decree is final even where, as a mere incident to the relief granted, it directs a reference to a master to state an account. Where accounts are to be settled between the parties and the decree contains an order of reference by which the accounts are to be stated according to certain principles fixed by the decree, such order of reference will not have the effect of rendering the decree interlocutory; but where the chancellor fails to fix the principles by which the accounts are to be stated and judicial action on his part is contemplated and necessary, or where some equity other than that involved in the accounting remains for further adjudication, then such decree is interlocutory, unless the status of the account or other matter to be thereafter determined is apart from the equities involved. 13 Am. & Eng. Ency. of Law, (2d ed.) 27-30; *Myers* v. *Manny,* 63 Ill. 211; *Hunter* v. *Hunter,* 100 id. 519; *Allison* v. *Drake,* 145 id. 500.

The decree of June, 1902, provided that appellee was entitled to the relief as prayed in her bill, and directed that conveyance of the real estate in question should be made by appellant upon the delivery to him of the warehouse receipt for the piano and desk, and that further payment be made to him of the $293.30, the proceeds of the sale of personal property, less certain amounts to be thereafter ascertained, and the cause was referred to a master to ascertain these amounts. While it is true the basis upon which the account was to be stated was stated in that decree, yet it was impos-

sible, from the very nature of the unascertained account, to fully and definitely decree an absolute specific performance of the alleged contract. The decree was not complete in itself, and required further judicial action on the part of the chancellor to give it effect to grant the relief sought. The reference to the master was not for the purpose of executing or carrying out the decree, but to ascertain facts upon which the final decree was to be based. If no other action had been taken after the rendition of that decree it would have been of no avail to appellee. She could not have enforced it because it was not complete in itself. In other words, it did not determine all of the equities in the case, but left some of them to be subsequently judicially determined upon the master's statement of the account. The original decree was therefore interlocutory, and not final, and the appellant was not required to appeal from it. *Caswell* v. *Cumstock,* 6 Mich. 391; 13 Am. & Eng. Ency. of Law, (2d ed.) 31, and cases cited under note 2.

On May 21, 1903, there being only an interlocutory decree entered, and pending the report of the master, the court, having jurisdiction of the person of the parties and of the subject matter of the suit, entered an order dismissing the case. There can be no question that it had full authority and jurisdiction to enter that order, which had the effect of not only dismissing the action but also of setting aside the interlocutory decree of June 20. On May 4, 1904, after twelve terms of court had elapsed, the court attempted to re-instate the cause and approved the master's report. This it clearly had no power to do. In the case of *Tosetti Brewing Co.* v. *Koehler,* 200 Ill. 369, following many previous decisions of this court, we held that after the term had elapsed a decree may be corrected, on motion, in matters of form or mere clerical errors or misprision of the clerk, but the court is without power to change the decision or to set aside, vacate, modify or annul the decree; that no error of law of any kind will justify revising or annulling a decree

at a subsequent term in a summary manner on motion, but relief against it must be obtained by appeal or writ of error, if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other similar cause. The same rule applies to this suit which has been dismissed by the court. After the expiration of the term the court is without authority to enter an order re-instating the cause, and thus re-invest itself with jurisdiction of the person and subject matter of the suit. The suit having been dismissed, the order of May 4, 1904, attempting to re-instate it, and the decree entered upon the report of the master, were null and void and without binding force and effect.

The decree will be reversed, and as no further proceedings can be had in the court below the cause will not be remanded.

*Decree reversed.*