BENJAMIN J. ROSENTHAL *et al.* Appellants, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee.

*Opinion filed February 19, 1909—Rehearing denied April 9, 1909.*

1. APPEALS AND ERRORS—*decree is final only when it terminates the litigation.* A judgment or decree is final and appealable only when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree; but a decree which retains the cause for future determination of matters substantially in controversy between the parties is not final and appealable.

2. SAME—*when decree is not final.* A decree which, after setting aside an appraisement under a lease, finds that the rental to be paid for the next period is not fixed by a certain provision of the lease but that the determination of the reasonable rental for such period be reserved for the further consideration of the court, is not final as respects the question of the amount of rent to be paid, and until that question is determined an appeal cannot be taken by the party at whose instance the appraisement was set aside.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

DONALD L. MORRILL, and MAYER, MEYER & AUSTRIAN, for appellants:

A motion to dismiss the appeal in a case involving an appraisal or award has never been passed upon by the reviewing courts of this State, but the courts of last resort in every State where the question has arisen have held, uniformly and unconditionally, that a decree or judgment set-

ting aside an award is final and appealable. 2 Ency. of Pl. & Pr. 73; *Tenant v. Divine,* 24 W. Va. 387; *King* v. *Grey,* 31 Tex. 22; *Wynn* v. *Bellas,* 34 Pa. St. 160; *Donovan* v. *Owen,* 10 La. Ann. 463.

The decree in question is final and appealable because it fixes the ultimate rights of the parties under the contract, the matter reserved for the future consideration of the court being merely incidental to the main question decided, and because it determines the merits of the case and awards costs against the defendant. *Klein* v. *Brewing Ass.* 231 Ill. 594; *Crowe* v. *Kennedy,* 224 id. 530; *Stahl* v. *Stahl,* 220 id. 188; *Insurance Co.* v. *Auditor,* 100 id. 483; *Allison* v. *Drake,* 145 id. 500; *Ames* v. *Ames,* 148 id. 321; *Rhodes* v. *Rhodes,* 172 id. 187; *Myers* v. *Manny,* 63 id. 211; *Jackson* v. *Jackson,* 144 id. 274.

The mere fact that some other order or decree of the court may be necessary to carry into effect the rights of the parties, from which an appeal may be taken, does not affect the finality of the decree in question. *Klein* v. *Brewing Ass.* 231 Ill. 603; *Stahl* v. *Stahl,* 220 id. 188; *Gray* v. *Ames,* 220 id. 251; *Allison* v. *Drake,* 145 id. 500; *Sammis* v. *Poole,* 188 id. 396; *Myers* v. *Manny,* 63 id. 211.

FRANK HAMLIN, and ANGUS ROY SHANNON, for appellee:

The question to be considered relates to the jurisdiction of the court, only, and not to the merits of the decree entered. *Cunningham* v. *Loomis,* 17 Ill. 555; *Schofield* v. *Thomas,* 226 id. 631; *Brodhead* v. *Minges,* 198 id. 513; *Farson* v. *Gorham,* 117 id. 137; *Walker* v. *Oliver,* 63 id. 199; *Crull* v. *Keener,* 17 id. 246.

No appeal will lie from a merely interlocutory order or decree made in the progress of a case, either in law or in equity. *Hunter* v. *Hunter,* 100 Ill. 519; *Farson* v. *Gorham,* 117 id. 137; *Cunningham* v. *Loomis,* 17 id. 555; *Sholty* v. *Sholty,* 140 id. 81; *Fleece* v. *Russell,* 13 id. 32;

*Hayes* v. *Caldwell,* 5 Gilm. 33; *Pentecost* v. *Magahee,* 3 Scam. 326; *Railway Co.* v. *Chicago,* 148 Ill. 141; Practice act, sec. 68; *Brodhead* v. *Minges,* 198 Ill. 513; *Walker* v. *Oliver,* 63 id. 199.

A final decree is one which leaves nothing to be judicially determined between the parties in the trial courts. 2 Ency. of Pl. & Pr. 53.

A judgment or decree is said to be final when it terminates litigation between the parties on the merits of the case, so that when affirmed by the reviewing court the court below has nothing to do but to execute the judgment or decree it had already entered. *Railway Co.* v. *Chicago,* 148 Ill. 141.

Appeals will not be permitted where the rights of the parties involved will not be absolutely settled. In such case the party aggrieved may still have relief in the lower court. *Farson* v. *Gorham,* 117 Ill. 137; *Sholty* v. *Sholty,* 140 id. 81; *Railroad Co.* v. *Trust Co.* 70 id. 249; *Gray* v. *Ames,* 220 id. 251; *Walker* v. *Oliver,* 63 id. 199.

Appeals by piecemeal are not to be encouraged. *Fleece* v. *Russell,* 13 Ill. 33; *Gray* v. *Ames,* 220 id. 251; *Sholty* v. *Sholty,* 140 id. 81.

A decree which retains the cause for future judicial determination of any matter in dispute is interlocutory, and unappealable except by statute. 2 Ency. of Pl. & Pr. 66; *Sholty* v. *Sholty,* 140 Ill. 81; *Hunter* v. *Hunter,* 100 id. 519; *McMahon* v. *Quinn,* 140 id. 199; *Craighead* v. *Wilson,* 18 How. 332; *Steel Works* v. *Steel Co.* 153 Ill. 9; *Adamski* v. *Wieczorek,* 170 id. 373.

The issue in dispute between the parties to this case is the amount to be paid as rent for the premises in question. A final decree cannot be entered until this question is disposed of. If the disputed issue is not settled in the decree it cannot be regarded as final. *Sholty* v. *Sholty,* 140 Ill. 81; *Hayes* v. *Caldwell,* 5 Gilm. 34; *Adamski* v. *Wieczorek,* 170 Ill. 373; *Schofield* v. *Thomas,* 226 id. 631.

A party who is not aggrieved by the decree entered can not appeal from it. *Eggleston* v. *Morrison,* 185 Ill. 577; *Roby* v. *South Park Comrs.* 215 id. 200; *Pope* v. *North,* 33 id. 440; *Hedges* v. *Mace,* 72 id. 472; *Walker* v. *Oliver,* 63 id. 199.

Mr. Justice Vickers delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District dismissing an appeal from a decree entered by the circuit court of Cook county. The Appellate Court refused to consider the case upon its merits, and entered a judgment dismissing the appeal for the reason that in the opinion of the Appellate Court the decree appealed from was not a final decree. If the Appellate Court improperly dismissed the appeal the order of this court would be a reversal of the order dismissing the appeal and remandment of the cause to the Appellate Court, with directions to consider and determine said case upon its merits. If the Appellate Court properly dismissed the appeal this court would simply enter a judgment of affirmance. The only question, therefore, presented to this court by this appeal is the correctness of the judgment of dismissal by the Appellate Court. In order to determine whether the decree appealed from was a final and appealable order it will be necessary to state the proceedings in the circuit court.

Benjamin J. Rosenthal and Louis Eckstein filed a bill in the circuit court of Cook county to set aside an appraisement of lot 31 of block 142, in the school section addition to Chicago, on the ground that the appraisement was not properly and lawfully made and that it is unreasonable and unjust. The bill alleges that complainants below were the owners of a leasehold estate on said lot 31 for a term of fifty years, commencing on the 8th day of May, 1880, and that it was provided in the lease that for the purpose of ascertaining and fixing the amount of rent to be paid for

said premises from and after May 8, 1885, it was covenanted and agreed by the parties to the lease that within three months, more or less, before the 8th day of May, 1885, the board of education of the city of Chicago should appoint three discreet male residents of the city of Chicago, freeholders not interested as lessees or mortgagees of school property in said city, to determine and fix the cash value of the demised premises at the time of said appraisal, excluding from consideration the improvements thereon, and that the rent to be paid should be determined by calculating six per cent per annum upon the valuation fixed by such appraisers, and that the sum thus obtained should be the yearly rental for the term of five years from the 8th day of May, 1885, and that it was provided in and by the said lease that for each term of five years thereafter, until the termination of said lease, appraisers should be appointed by the board of education and like valuation should be made, and that the rent per annum for the five years next ensuing should be six per cent upon the appraised value. The bill further avers that by a supplemental agreement made on June 15, 1888, between the parties to said lease, the said lease was extended to May 8, 1985, and that said supplemental agreement changed the appraisement periods from five to ten years from and after May 8, 1895, and that appraisements should be made every ten years thereafter instead of five years, commencing 1895. Said supplemental agreement also changed the method of appointing the appraisers, so that one, each, should be appointed by any United States judge holding circuit court in the northern district of Illinois, the judge of the probate court of Cook county and the board of education of Chicago. It was further stipulated in the supplemental lease that the persons so appointed should under all circumstances be held to be appraisers and not arbitrators, and that they should not be required to give notice of their meetings or proceedings to the parties to the lease except as provided by said lease.

239—3

The bill avers that an appraisement was had in accordance with the terms of the lease in 1895, which fixed the value of the premises at $165,000, whereby the annual rental from 1895 to 1905 was fixed at $9900 per annum. The bill alleges that these rents during these years were paid. The bill alleges that the board of education appointed John McLaren as an appraiser, and that Arba N. Waterman and Elbridge G. Keith were appointed, respectively, by the judges of the probate court of Cook county and the United States District Court for the Northern District of Illinois. The bill shows that Keith did not serve as such appraiser and that William D. Kerfoot served in his stead. The bill shows that the appraisers, McLaren, Waterman and Kerfoot, appraised lots 31 and 32 as an entire property at $636,-000, and that the value of lot 31 was found by apportioning this sum equally between lots 31 and 32. The bill charges that this appraisement was illegal, unreasonable and unjust, and prays that the same may be set aside and declared void. This prayer of the bill was granted, and the appraisement of 1905 was vacated and set aside. Whether the decree in this respect was warranted is not open to consideration at this time.

The lease provided "that should there be for any cause a failure to make an appraisement in any year or years wherein an appraisement should be made under and according to the terms of said lease and its supplement thereto, the amount of annual rent to be paid by the party of the second part for the ensuing period of ten years should not be rendered uncertain and undetermined by reason of such failure in making an appraisement, but the sum to be paid as annual rental for and during the period of ten years from the 8th day of May in any year when an appraisement should be made and failed to be made should be the same as that paid or reserved as rent during the last preceding period of ten years prior to said 8th day of May; that no covenant in said lease or in its supplement thereto

should in any way be affected, waived or impaired by the failure to make said appraisement by either of them."

Appellants contend that under the foregoing clause, the appraisement of 1905 having been set aside, the appraisement of 1895 will control, and that the rents for the ten years from 1905 to 1915 should be $9900, as fixed by that appraisement. Upon this question the position of the board of education is, that appellants having come into a court of equity for the purpose of being relieved of an unjust and illegal appraisement must do equity and submit to an equitable appraisement by and under the direction of the court having jurisdiction of the matter. Upon this question the trial court agreed with the appellee and entered a decree setting aside the appraisement of 1905 and enjoining the board of education from attempting to enforce such appraisement and from collecting any rents on lot 31 in excess of $9900 until the further order or decree of the court. The decree of the court below specifically finds "that the rental to be paid by complainants for said lot 31 for the ten years from May 8, 1905, until May 8, 1915, is not fixed by paragraph 8 of the supplemental lease in question, and that the determination of the fair and reasonable rental value of said lot for said period of ten years *be reserved for the further consideration of this court until after the final disposition of the appeal herein allowed.*" It is this order from which complainants below prosecute this appeal.

It will be seen from the foregoing statement that the substance of the controversy between the parties to this suit is what amount of rent appellants ought to pay during the ten years from 1905 to 1915. That question has not been decided, but from the express words of the decree appealed from it is reserved for the further consideration of the court. Until the court enters a final decree upon this question the merits of the case are undetermined.

Appellants insist that the rent for this period should be $9900 per annum. This sum they, apparently, are willing

to pay. If upon a hearing the court should finally determine that the rent should not exceed that sum, appellants would not be in a position to complain simply because the method by which that amount was fixed differed from the method which appellants contend should be adopted. The order appealed from is interlocutory. The court may, before the cause is finally disposed of, modify or set aside this order entirely. As was said by this court in *Farson* v. *Gorham,* 117 Ill. 137: "The order that has been entered may be vacated by the circuit court in a final decree, and hence no necessity exists for reviewing that order until the final decree is rendered in the case." Clearly, if this appeal were entertained and the cause considered upon its merits, the circuit court might proceed thereafter by some sort of procedure to ascertain and fix by final decree the rental value of these premises. Undoubtedly either party would have the right to again appeal from the decree, and thus the matter would be presented to this court by piecemeal, which is contrary to the well established practice. (*Schofield* v. *Thomas,* 226 Ill. 631.) A judgment or a decree is only final and appealable when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141; *Gray* v. *Ames,* 220 id. 251; *Brodhead* v. *Minges,* 198 id. 513.) A decree which retains the cause for the future determination of matters of substantial controversy between the parties is not final and appealable. In *Hunter* v. *Hunter,* 100 Ill. 519, it was held that a decree which found that the wife was entitled to separate maintenance but reserved the question of the amount to be awarded was interlocutory and that no appeal would lie therefrom. In *Adamski* v. *Wieczorek,* 170 Ill. 373, it was held that a decree rendered upon a bill of review for the purpose of impeaching a former decree for fraud and subornation of perjury vacating the

former appeal was interlocutory, and that an appeal would not lie until the final determination upon a rehearing of the original matter in connection with the bill of review.

Without intending to intimate any opinion as to the merits involved in this controversy, we are of the opinion that the order appealed from is not final. The judgment of the Appellate Court dismissing the appeal will therefore be affirmed.

*Judgment affirmed.*