Ida E. Mack Barber, Appellee, v. Samuel A. Tolman, Appellant.

Gen. No. 16,510.

1. APPEALS AND ERRORS—*appeal from final decree.* An appeal from a final decree is a matter of right.

2. APPEALS AND ERRORS—*test in determining whether reference decree is final or interlocutory.* Where a decree refers a cause to a master, if the things to be done or the facts to be ascertained are in execution of the decree, then the decree is final, but if the things to be done or the facts to be ascertained are preparatory to a decision and final decree, then the decree is interlocutory.

3. APPEALS AND ERRORS—*when decree ordering reference is interlocutory.* Where additional collateral security is deposited with the holder of a note and on a bill in equity by the pledgor against the holder the court finds that the holder contracted to turn over certain collateral when the note was paid, that payments had been made and that collateral had been received, and further decrees that the cause be referred to a master to determine by an accounting and a discovery whether the note had been overpaid and whether the securities had been converted and, if so, their value, but many matters put in issue pertaining to the securities are not determined by the decree and can only be determined by a hearing thereon adjudicating the rights of the parties, the decree is not a final decree from which an appeal may be taken.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1910. Appeal dismissed. Opinion filed December 30, 1912. Rehearing denied January 13, 1913.

ALBERT KOCOUREK and MUSGRAVE, OPPENHEIM & LEE, for appellant; JOHN H. S. LEE, of counsel.

H. S. & F. S. OSBORNE and ROBERT F. PETTIBONE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellee filed a bill, as amended, alleging, *inter alia,* that on September 9, 1891, the appellant loaned to Charles P. Packer, as agent of the shareholders of the Park National Bank, the sum of $22,965.35 upon a note dated August 29, 1891, for the sum of $25,500, payable to the order of the said Packer six months after date, with interest at the rate of seven per cent. per annum after date thereof, signed by M. T. Roberts and others and endorsed by the said Packer and delivered to the said appellant in consideration of the said loan, together with certain collateral as security for the payment of the said note; that on or about September 9, 1896, the appellee delivered certain collateral to appellant as additional security for the payment of the said note, and in consideration thereof the appellant agreed with the appellee that upon the payment of the said note, he, the said Tolman, "would turn over to your oratrix certain collateral remaining in his hands which had theretofore been deposited with said Tolman as security for the payment of said note and had been by him sold under collateral powers of sale and bought in at such sales by said Tolman, a precise description of which collateral your oratrix is unable to give without an accounting, as hereinafter prayed," and would also turn back to your oratrix as soon as said note should be paid certain property hereinafter described, then and there by your oratrix conveyed and turned over to said Tolman as further collateral security for the payment of said note;" that said appellant had been paid more than seventy thousand dollars on the said note; that certain of said col-

lateral had been foreclosed and bought in by said appellant and he was about to secure a deed thereto and take possession thereof, unless restrained by the order of the court, although appellee was entitled to said premises and the possession thereof; that said Tolman had been requested to carry out the said agreement, "but has failed and refused to account with your oratrix with respect to said $25,500 note and the indebtedness evidenced thereby, and has failed and refused to turn over to your oratrix the said collateral pledged for said note." The prayer was for a discovery and accounting and "that said Tolman may be decreed to deliver to your oratrix all the securities and property now in the hands of said Tolman which were pledged as security for the payment of said twenty-five thousand five hundred dollar ($25,500) note and by said Tolman sold and bought in and also to deliver to your oratrix proper deeds of conveyance of the real estate pledged for the payment of said twenty-five thousand five hundred dollar ($25,500) note, and that if said Tolman has misappropriated, wasted, or diverted any of said securities or property, that he may be decreed to pay to your oratrix the value thereof, and that if it shall be found upon said accounting that since the payment in full of the indebtedness due to said Tolman on account of said twenty-five thousand five hundred dollar ($25,500) note, said Tolman has sold or otherwise disposed of any of the securities so as aforesaid held by him, he shall be decreed to pay the proceeds of said sales or the value of said securities to your oratrix; that said Tolman be restrained and enjoined from taking out a deed upon the master's certificate upon the premises hereinabove described, and may be decreed to endorse and deliver the said certificate to your oratrix, and that your oratrix may have such further and other or different relief as to equity shall seem meet."

The appellant answering admitted the execution and delivery to him of the said $25,500 note, and alleged

that he purchased the same from the said Packer; that the said Packer was the agent of the shareholders of the Park National Bank; that the said bank was in the hands of a receiver and in consideration of certain services rendered by the said appellant to said Packer and shareholders pertaining to the affairs of said bank, it was agreed that the appellant's compensation therefor should be $2,300, and that the said sum was deducted from the payment of the purchase price of the said $25,500 note. The appellant by his answer denied substantially all the other material averments of the bill as amended, and alleged what he claimed were the facts in relation to all of the said transactions and the various collateral deposited as security for said note and also set up judgments in various courts in relation to the said collateral, which he claimed were a bar to this action. The answer is voluminous, but from the view we take of this appeal, it is not necessary to recite same in more detail. A replication was filed and on a hearing before the chancellor a decree was entered sustaining appellee's contentions that the appellant agreed with the appellee that whenever he was reimbursed for the money advanced that appellant would return to appellee the securities held by him for the payment of said money so advanced, and that the said amount was $22,965.35; that the appellee had an interest in said securities; that the conveyances made by the appellee were in the nature of securities and should be considered as mortgages; that the bill was not a bill for specific performance, but in the nature of a bill for redemption of said securities; that there had been no adjudication by former decisions of the questions then before the court; that the appellee was not guilty of laches; that the said Tolman had been paid large sums of money on the said note and had received from time to time collateral security for the payment of the said note, from which he had collected large sums. The court referred the cause to the master and ordered:

"1. The master shall take the original amount of $22,965.35 advanced on said note on September 9, 1891, and allow interest from said date at five per cent. per annum on such portions of said indebtedness as remained from time to time unextinguished, crediting on said indebtedness all payments and credits which should be allowed thereon. If said indebtedness is overpaid, when and how much, and all credits and payments since it was overpaid, charging the defendant with interest at five per cent. per annum on all such overpayments. The accounting shall be brought down to include the date of the master's report.

"2. Of all the securities at any time delivered to and held by Tolman as security for said indebtedness, and what of such securities are now in existence and held by said Tolman; also if any of said securities are not held by said Tolman, that he fully account for those so missing.

"And it is ordered that said Tolman produce before the master all his books, vouchers, papers and other instruments so far as the master shall deem the same relevant, or to throw light upon such accounting.

"The master or any party may apply for further directions as to the accounting herein required to be taken. The master shall report the evidence taken before him under this order of reference together with his conclusions of fact and law thereon.

"All questions not herein specifically determined are reserved for determination on the entry of final decree herein."

From said decree an appeal was allowed and the appellee here moved to dismiss the appeal on the ground the decree is not final, and said motion was reserved to the hearing. An appeal from a final decree is a matter of right, and if the said decree be held to be a final decree, the motion should be denied; but if it is not a final decree, then the motion must be allowed. In Barbour's Chancery Practice, vol. 1, p. 330, it is said: "When a decree finally decides and disposes of

the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree. And a decree may be final, although it directs a reference to a master, if all the consequential directions depending upon the result of the master's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, to give the parties the full and entire benefit of the previous decision of the court.'' In Rosenthal v. Board of Education, 239 Ill. 29, the court say (p. 36): ''A judgment or a decree is only final and appealable when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree. Chicago & N. W. R. Co. v. City of Chicago, 148 Ill. 141; Gray v. Ames, 220 Ill. 251; Brodhead v. Minges, 198 Ill. 513. A decree which retains the cause for the future determination of matters of substantial controversy between the parties is not final and appealable.''

These definitions of a final decree are clear, and tested thereby most decrees are manifestly final or interlocutory; but special cases arise where it is difficult to determine whether the decree is final or interlocutory. If upon a reference to a master the things to be done, or the facts to be ascertained, are in *execution* of the decree, then the decree is final; but if the things to be done or the facts to be ascertained are *preparatory* to a decision and final decree, then the decree is interlocutory. The failure to observe this distinction sometimes causes confusion. On the other hand, with the distinction clearly in mind, it seems that the courts have disagreed in some instances whether the things to be done or ascertained on a reference were in execution of a ·final decree or preparatory thereto. In Gray v. Ames, 220 Ill. 251, the court say

(p. 254): "Where the chancellor fails to fix the principles by which the accounts are to be stated and judicial action on his part is contemplated and necessary, or where some equity other than that involved in the accounting remains for further adjudication, then such decree is interlocutory, unless the status of the account or other matter to be thereafter determined is apart from the equities involved." (Citing authorities.)   In Caswell v. Comstock, 6 Mich. 391, the court entered a decree finding a certain deed of conveyance was a mortgage and a certain contract security for the payment of certain sums of money, and referred the case to the master to take proof of damages on an alleged breach of contract; to take proofs of sale, disposition or conversion of certain real estate and personal property, and the court on appeal held such decree interlocutory. It would seem this case is similar in principle to the case at bar.

The counsel for appellant urge that under the ruling of the court in DeGrasse v. Gossard Co., 236 Ill. 73, this decree is final. The court there say that the decree appealed from was a final adjudication of the rights of the parties and of appellant's liability as charged in the bill, and that there was then due and owing a certain fixed sum and also an additional sum of four francs for each corset in excess of the minimum number manufactured under the contract in question, and referred the cause to the master (so far as the point under discussion is involved) to determine the number of corsets so manufactured and state the account. We do not think this authority governs. In the case at bar the court finds that the appellant entered into the said contract with the appellee, as alleged in the bill. It is evident that this question is the principal and controlling one in the case, and had not the appellee sustained this contention the bill could not be maintained upon the theory under which it was drawn. The right to maintain the bill being found

and so decreed by the court, it does not, however, follow that on this record as a matter of law there is anything due and owing the appellee by the appellant. The reference is not only for an accounting to determine that question, but in connection therewith for a discovery; and many matters of substantial controversy put in issue by the pleadings pertaining to the securities involved are not determined, and, as we understand it, can only be determined by a hearing thereon and a decree adjudicating the rights of the parties in relation thereto. In other words, the reference is not in execution of the decree appealed from, but, as it appears to us, preparatory to a final decree. Tested also by the definition of a final decree, quoted from Rosenthal v. Board of Education, *supra,* we conclude that while the decree here appealed from did terminate the litigation between the parties of a portion of the merits of the case, yet the said decree retained the cause for future determination of other matters of substantial controversy between the parties, and the appeal must therefore be dismissed.

*Appeal dismissed.*