Helena Reichwein, Trustee Under the Last Will and Testament of Christina Reichwein, Deceased, Appellant, v. Julia R. McCarthy, Appellee.

**Gen. No. 40,442.**

Opinion filed April 26, 1939.

RANDOLPH BOHRER, of Chicago, for appellant; BIRCHARD P. HAYES, of Chicago, of counsel.

JOHN A. ZVETINA and CLIFFORD K. RUBIN, both of Chicago, for appellee; HENRY POLLENZ, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

A verified complaint in chancery to foreclose a certain trust deed was filed in the circuit court of Cook county, Illinois. Answers and a counterclaim were filed by certain defendants, who made a motion to dismiss the complaint on the ground that Note (A) alleged in the complaint as the property of the plaintiff was in point of fact and law paid, canceled and extinguished. An order of special reference was entered by the court and the cause referred to a master in chancery to take testimony and make his report upon the facts and law as to whether or not Note A for $500 was paid and extinguished, subordinated or canceled and whether or not the plaintiff had a right to institute this foreclosure suit. After considering the report of the master in chancery and the objections thereto, the court entered the decree here appealed from, which found that Note A had not been paid or canceled or distinguished, but was subordinated to Note B and that the plaintiff had a right to institute this suit of foreclosure.

The complaint alleged that the plaintiff is the owner and holder of a principal promissory Note A, for the sum of $500 due three years after date and having attached thereto an extension agreement dated October 18, 1930 extending the due date for one year to October 18, 1931. Note A is one of two notes secured by a trust deed sought to be foreclosed herein dated October 18, 1927. The other note, secured by this trust deed, Note B, is for the sum of $2,500 due five years after date. It is further alleged that there was a default in the payment of Notes A and B and that this suit is instituted for the benefit of all noteholders as provided under the terms of the trust deed. The answer of Robert B. Gunterberg and Amy Gunterberg, defendants hereto, admits all the allegations of the complaint filed herein except those allegations contained in paragraph 7 of the complaint, wherein the

plaintiff alleges that the plaintiff is the owner and holder of Note A for $500, payable October 18, 1930. The defendants only deny that the plaintiff is the legal owner and holder of the principal Note A, but do not deny that Note A was outstanding and unpaid. Later, Robert B. Gunterberg filed an amended answer in which he again admitted all the allegations set forth in the complaint except those in paragraph 7 thereof and in addition denied the right of the plaintiff to bring this action, and affirmatively alleged: (1) That on or about October 25, 1927, he purchased Notes A and B secured by the trust deed in question, for a valuable consideration from John A. Schmidt & Company of Chicago, the house of issue; (2) that shortly after Note A became due and payable on October 18, 1930, he presented Note A to John A. Schmidt & Company, the house of issue; (3) that the note was paid and became extinguished; (4) and that Helena Reichwein acquired the Note A on or about October 9, 1932, after the entire indebtedness had matured and become due and payable. Robert B. Gunterberg filed an amendment to the amended answer, admitting all the allegations contained in the complaint except paragraph 7 thereof and except those allegations specifically denied in the amended answer as filed. A counterclaim, an amended counterclaim and an amendment to the counterclaim were filed by Robert B. Gunterberg as a part of the aforementioned answers, those counterclaims constituting a complaint in chancery similar to plaintiff's complaint except that it is alleged there that Note A was paid and extinguished.

The Lawndale National Bank & Trust Company as trustee filed its verified answer under trust No. 1003, intervening defendant herein, by Robert B. Gunterberg, its duly authorized agent, filed by leave of court first duly had and obtained, and is in language similar to the answer filed by Robert B. Gunterberg. This an-

swer admits all the allegations set forth in the complaint except as to paragraph 7 and contends that Note A was paid on or about October 18, 1930, and became extinguished, and further alleges that Robert B. Gunterberg was the original owner of Note A and that when said Note A became due or shortly thereafter, Robert B. Gunterberg presented it to John A. Schmidt & Company for payment and that Helena Reichwein acquired the same after maturity from John A. Schmidt & Company. Later the Lawndale National Bank as trustee under trust No. 1003 by Robert B. Gunterberg, filed its amendment to its answer, in which all the allegations set forth in the complaint filed therein are admitted except paragraph 7 and except those allegations specifically denied in the amended answer. The issue raised by the answer of the Lawndale National Bank & Trust Company as trustee under trust No. 1003 by Robert B. Gunterberg, its duly authorized agent, is similar and can be considered the same as the issue raised by Robert B. Gunterberg in his answer.

John A. Schmidt, deceased, was in 1927, both the head of John A. Schmidt & Company, investment and mortgage brokers, and co-trustee with Helena Reichwein of the estate of Christina Reichwein, deceased. John A. Schmidt had funds of the Reichwein estate, and was the active trustee in keeping the Reichwein funds invested and reinvested. In October of 1927 the trust deed sought to be foreclosed was negotiated through John A. Schmidt & Company. Julia McCarthy executed two notes—Note A for $500 and Note B for $2,500, both payable to the order of herself and indorsed by her in blank. As security for the payment of these notes Julia McCarthy executed the said trust deed conveying certain real estate in Cook county to John A. Schmidt, trustee. The two notes were negotiated through the office of John A. Schmidt & Company and sold to Robert B. Gunterberg on or about

November 25, 1927. By presenting the interest coupons to John A. Schmidt, Mr. Gunterberg received the semi-annual instalments of interest on both Notes A and B from time to time to and including the interest coupons series 6 due October 18, 1930. Prior to October 18, 1930, Robert B. Gunterberg delivered Note A to John A. Schmidt and a few days thereafter received $500 therefor.

An extension agreement dated October 18, 1930 was executed between John A. Schmidt & Company and Julia R. McCarthy extending the time of payment of Note A for one year to October 18, 1931. Neither Julia R. McCarthy nor anyone in her behalf ever paid the principal amount due on Note A.

In a settlement of accounts with the estate of John A. Schmidt, deceased, Helena Reichwein as trustee under the last will and testament of Christina Reichwein, deceased, plaintiff, received on October 29, 1932, Note A with the extension agreement attached thereto.

In this action the suit filed by the plaintiff was a foreclosure proceeding and upon special reference to a master the court entered a decretal order as to whether Note A for $500 was paid; approved the master's report, and directed that the Note A in the principal sum of $500, being one of the notes described in a certain trust deed, made and executed by Julia R. McCarthy to John A. Schmidt, as trustee, dated October 18, 1927, be subordinated to Note B in the sum of $2,500, also executed by Julia R. McCarthy, and secured by the same trust deed, and further ordered that the plaintiff had the right to maintain the same pursuant to the provision of this decree.

It is to be noted that the decree is not final in that it does not dispose of the questions that are to be considered by the court in this foreclosure proceeding, so that from the record as we have it here, the decree entered is an interlocutory decree and not a final one.

In the case of *Barber v. Tolman,* 176 Ill. App. 123, the court said:

"If upon a reference to a master the things to be done, or the facts to be ascertained, are in *execution* of the decree, then the decree is final; but if the things to be done or the facts to be ascertained are *preparatory* to a decision and final decree, then the decree is interlocutory. The failure to observe this distinction sometimes causes confusion. On the other hand, with the distinction clearly in mind, it seems that the courts have disagreed in some instances whether the things to be done or ascertained on a reference were in execution of a final decree or preparatory thereto." And then quote from the case of *Gray v. Ames,* 220 Ill. 251, where the court say: "Where the chancellor fails to fix the principles by which the accounts are to be stated and judicial action on his part is contemplated and necessary, or where some equity other than that involved in the accounting remains for further adjudication, then such decree is interlocutory, unless the status of the account or other matter to be thereafter determined is apart from the equities involved." The court in this case also quoted from the case of *Rosenthal v. Board of Education,* 239 Ill. 29, where the court say: "A judgment or a decree is only final and appealable when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree. (Citing *Chicago & N. W. R. Co. v. City of Chicago,* 148 Ill. 141; *Gray v. Ames,* 220 Ill. 251; *Brodhead v. Minges,* 198 Ill. 513.) A decree which retains the cause for the future determination of matters of substantial controversy between the parties is not final and appealable."

In the instant case the decree in the foreclosure proceeding was not entered, so that the questions involved

as between the parties have not been settled, and such being the fact, the decree that was entered as an interlocutory one is not final, and therefore not appealable.

For the reasons stated the appeal is dismissed.

*Appeal dismissed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.